IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| WRIST SP BIOTECH, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARMIN INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Case No.: 6:23-CV-00628 |

**DEFENDANT GARMIN INTERNATIONAL, INC.'S MOTION TO DISMISS**

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1
II.  AUTHORITY ......................................................................................................... 2
     A.   Rule 12(b)(3) .............................................................................................. 2
     B.   Rule 12(b)(6) .............................................................................................. 3
III. ARGUMENT .......................................................................................................... 4
     A.   Venue Does Not Lay In This District ........................................................ 4
     B.   In The Alternative, This Matter Should Be Dismissed, As Plaintiff Cannot Carry The Day .................................................................................. 6
          1)   The Asserted Patent ......................................................................... 6
               i)    The Applicants Told The Examiner That The Invention Included Disposable Pulse Ox Sensors .............................. 7
               ii)   The Applicants Told The Examiner That The Invention Included A Coiling Mechanism That Holds The Band On The Wrist .......................................................................... 9
               iii)  The Applicants Told The Examiner That The Invention Included A Window Area With A Pliable Plastic Sheet ........ 10
               iv)   These Amendments, Among Others, Resulted In An Issued Patent ................................................................................. 10
          2)   Plaintiff Failed To Plead Facts Demonstrating Material Elements Are Plausibly Present In The Accused Device ................................ 11
          3)   Plaintiff's Allegations Are a Hodge Podge Of Different Devices .... 13
IV.  CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................................. 3

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ......................................................................................... 4, 11

*Celgene Corp. v. Mylan Pharms. Inc.*,
   17 F.4th 1111 (Fed. Cir. 2021) ............................................................................................ 6

*Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*,
   2021 WL 6205789 (W.D. Tex. Dec. 29, 2021) ................................................................... 6

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
   No. W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022) ............... 3, 5, 6

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
   605 F. Supp. 3d 905 (W.D. Tex. 2022) ............................................................................... 4

*In re Cray*,
   871 F.3d 1360 .................................................................................................................... 4

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ................................................................................... 2, 3, 6

*In re Volkswagen Grp. Of Am.*,
   28 F.4th 1203 (Fed. Cir. 2022) ............................................................................................ 5

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ........................................................................................... 3

*Ingenioshare, LLC v. Epic Games, Inc.*,
   No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) ....................... 5

*Lexington Luminance LLC v. Bulbrite Indus., Inc.*,
   Civil Action No. 22-3787, 2023 WL 143911 (D.N.J. Jan. 10, 2023) ................................ 11

*Logantree Lp v. Garmin Int'l, Inc.*,
   No. SA-17-CA-0098-FB, 2017 U.S. Dist. LEXIS 99925 (W.D. Tex. June 22, 2017) ...... 2, 4, 5

*Mayeaux v. La. Health Serv. & Indem. Co.*,
    376 F.3d 420 (5th Cir. 2004) .................................................................................................12

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017)............................................................................................................2, 5

*Thomason v. World Fin.*,
    No. 1:23-CV-00109-ADA, 2023 WL 4375499 (W.D. Tex. July 6, 2023)........................12, 13

*Tomita Techs. USA, LLC v. Nintendo Co.*,
    681 F. App'x 967 (Fed. Cir. 2017) .......................................................................................13

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-cv-00487-ADA, 2022 U.S. Dist. LEXIS 54 (W.D. Tex. Jan. 3, 2022) ............4, 7, 11

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-cv-00487-ADA, 2022 WL 23496 (W.D. Tex. Jan. 3, 2022) ..............................11, 12

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019)...............................................................................................3

*WristDocs, LLC v. Garmin International, Inc.*,
    6-23-cv-00532 ........................................................................................................................1

**STATUTES**

28 U.S.C. Section 1400(b) .........................................................................................................2, 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(3)................................................................................................1, 2, 6, 13

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 2, 3, 7, 13

https://www.academy.com/storelocator/texas/austin/store-0026 ..................................................4

Rule 41(a)(1)(a)(ii)........................................................................................................................1

## MEMORANDUM OF POINTS AND AUTHORITIES

By and through its undersigned counsel, Defendant Garmin seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, Rule 12(b)(6).

### I.   INTRODUCTION

On July 24, 2023, an entity named Wristdocs, LLC sued Garmin in this District alleging patent infringement.[1]  The case was assigned to the Honorable Jason Pulliam.  In accordance with Judge Pulliam's Standing Order, on August 15, 2023, Garmin sent Wristdocs a letter, (i) advising Wristdocs of Judge Pulliam's motion to dismiss procedure, (ii) explaining that venue is not proper in this District, (iii) setting forth the many reasons why Wristdocs' complaint does not set forth a plausible basis for infringement, and (iv) requesting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6).  Lamkin Decl., Exh. A.

Wristdocs did not respond to Garmin's correspondence. Instead, on August 21, 2023, Wristdocs dismissed its complaint against Garmin pursuant to Rule 41(a)(1)(a)(ii).  Four (4) days later, on August 25, 2023, Wristdocs refiled its Complaint against Garmin in this District, albeit with one change to its originally filed complaint, Wristdocs changed its name to Wrist SP Biotech, LLC.  No other changes were made to the Complaint; none of the concerns in Garmin's August 16, 2023 letter were addressed.  Lamkin Decl., Exh. B.

On August 28, 2023, Garmin sent Wrist SP f/k/a Wristdocs ("Wrist") a second letter, (i) advising Wrist, again, that venue was not proper and sharing the *Logantree* decision wherein this Court found that venue was not proper over Garmin in this District, (ii) reminding Wrist of the many reasons why Wrist's infringement allegations remain implausible, and (iii) asking Wrist to dismiss by Friday September 1, 2023. Lamkin Decl., Exh. C. Wrist again ignored Garmin's

---

[1] *WristDocs, LLC v. Garmin International, Inc.*, 6-23-cv-00532.

1

correspondence.

Regardless, under Rule 12(b)(3), as this Court has already determined, Garmin cannot be sued in this District for patent infringement merely because third parties sell Garmin's products here. *Logantree Lp v. Garmin Int'l, Inc.*, No. SA-17-CA-0098-FB, 2017 U.S. Dist. LEXIS 99925, at *4 (W.D. Tex. June 22, 2017).

Under Rule 12(b)(6), Wrist's infringement allegations fall far below the plausibility standard. By way of but one example, an infringing device must have "disposable pulse oximeter sensors". The Accused Garmin Devices are high performance fitness training devices; none of the sensors on the devices are "disposable". Indeed, as Garmin explained in its correspondence, "no Garmin device in existence contains disposable pulse ox sensors." Lamkin Decl., Exh. A. Tellingly, Wrist does not even try to evidence that Garmin sells products with disposable sensors; Wrist simply ignores the limitation in its Complaint and supporting materials. *See* Dkt. No. 1-1, at 16, 27.

Even a modicum of due diligence would have revealed that Garmin cannot be sued for patent infringement in this District and, in fact, that Garmin does not, and cannot, infringe the Asserted Patent. Garmin respectfully asks that Wrist's Complaint be dismissed.

II.   AUTHORITY

   A.   Rule 12(b)(3)

Under 28 U.S.C. Section 1400(b), venue is only proper where a company "resides" or where said company has a "regular and established place of business". *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 263, (2017). Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360

(Fed. Cir. 2017). With respect to the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). With respect to the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id.* (citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee—"the defendant must establish or ratify the place of business." *Id.* at 1363. "Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue." *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 WL 432558, at *1 (W.D. Tex. Feb. 11, 2022) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018); *see also Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) ("Plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b)).

**B.     Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

"The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to

3

practicing the asserted claim(s), and the nature of the allegedly infringing device." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 U.S. Dist. LEXIS 54, at *13-15 (W.D. Tex. Jan. 3, 2022) (*quoting Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1353 (Fed. Cir. 2021)). "Where claim limitations are added to overcome Examiner rejections, said limitations are 'material' and must be plausibly alleged. *Id*. Further, "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 910 (W.D. Tex. 2022) (*quoting Bot M8*, at 1346).

## III.  ARGUMENT

### A.  Venue Does Not Lay In This District

Garmin "resides" in Kansas. *Logantree,* 2017 U.S. Dist. LEXIS 99925, at *3 ("Because defendants are incorporated in Kansas, they are not residents of Texas.")  Because Garmin does not reside in this District, Wrist must instead plausibly plead that Garmin has a "regular and established place of business" in this District under Section 1400(b). Wrist has failed to do so.

Wrist attempts to establish venue by claiming Garmin has unidentified "dealers" in this District. Complaint, ¶¶ 2, 9.  However, Plaintiff's only cited evidence is a broken link to a Universal Resource Locator. *Id*.  Although Plaintiff's URL is broken, a Google Maps search reveals that the address in Plaintiff's Complaint belongs to a store selling sports equipment called Academy Sports + Outdoors.[2]  Garmin does not own or control said third-party store. Bartel Decl., ¶¶ 6-7. Because this is not "the place of the defendant," it cannot establish a "regular and established place of business." *See In re Cray*, 871 F.3d 1360; *see also LoganTree,* 2017 U.S. Dist. LEXIS 99925, at *3 ("[T]he appropriate inquiry is whether the corporate defendant does its

---

[2] https://www.academy.com/storelocator/texas/austin/store-0026 ; 7513_N_Interstate_Hwy_35_-_Google Maps

business in that district through a permanent and continuous presence there and not . . . whether it has a fixed physical presence in the sense of a formal office or store.") (collecting cases).

That said, Garmin does not deny that third-party stores carrying Garmin products exist in this District; third-party stores carrying Garmin products exist in nearly every district in the United States. Their unilateral presence does not obligate Garmin to appear in this District as a matter of well-established law. *See In re Volkswagen Grp. Of Am.*, 28 F.4th 1203, 1211 (Fed. Cir. 2022); *Ingenioshare, LLC v. Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *4 (W.D. Tex. Mar. 18, 2022); *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. W-21-CV-00172-ADA, 2022 WL 432558, at *1 (W.D. Tex. Feb. 11, 2022) ("GreatGigz fails to meet its burden that the retail partner stores are the *defendant's* places. GreatGigz points to no evidence, contractual or otherwise, illustrating [Defendant] owns or leases the stores, nor exercise other attributes of possession or control over the stores."); *Logantree*, 2017 U.S. Dist. LEXIS 99925, at *3. Following Plaintiff's logic, Coca-Cola would be amendable to suit in any venue containing a grocery store carrying Coca-Cola. That is not the law. *See TC Heartland*, 581 U.S. at 262.

Although not contained in the venue discussion in its Complaint, Wrist also states, cryptically and without support, "Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit." Complaint, ¶ 9. If we assume this is a misplaced venue argument, it falls short. Garmin has three (3) employees that live in this District and work from home. Bartel Decl., ¶ 8. Garmin does not engage in any conduct that would allow venue to be established based on their employment. Garmin does not:

- Exercise control over the living arrangements of these agents/employees;
- Reimburse housing costs of these agents/employees;
- Store any inventory at these locations;

- Play any role in selecting these locations; or

- Condition the employment on maintaining a presence in this District.

Bartel Decl. ¶ 8.

As such, the employment of three (3) persons working from their own homes in the state of their choice does not establish venue. *Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd*., 2021 WL 6205789, at *3 (W.D. Tex. Dec. 29, 2021) (*citing Cray*, 817 F.3d at 1356); *GreatGigz*, 2021 WL 4691145, at *2; *Celgene Corp. v. Mylan Pharms. Inc.,* 17 F.4th 1111, 1124 (Fed. Cir. 2021) (homes of sales executives/territory managers not company places of business where company allowed employees to work from the district but did not exert control).

Plaintiff has failed to meet its burden and its Complaint must be dismissed pursuant to Rule 12(b)(3) for lack of venue.

    **B.**    **In The Alternative, This Matter Should Be Dismissed, As Plaintiff Cannot Carry The Day**

        **1)**    **The Asserted Patent**

U.S. Patent No. 9,392,970 (the "'970 Patent"), titled "Biotelemetry System," issued in 2016. The invention pertains to a biotelemetry system worn on the wrist. '970 Patent, Dkt. No. 1-1, Abstract; *id.,* 1:34-36. The invention is depicted in Figures 3A and 3B, *inter alia*:



FIG. 3A      FIG. 3B

The claimed apparatus is a pulse oximetry device. *Id*., at 1:36-37, 8:26. "A pulse oximeter

is a non-invasive medical device for measuring oxygenation of the blood." *Id.*, at 1:38-39.

During prosecution, the Examiner repeatedly rejected the claims as the ideas therein were not new. Lamkin Decl., Exh. D.[3] Material here, the Examiner rejected the claims as invalid based on a prior art reference, U.S. Patent Pub. No. 2009/0054751("*Babashan*") which included "[a] device for monitoring heart rate and blood oxygen levels using improved pulse oximetry sensors," depicted in Figure 2 of *Babashan*:



To overcome the Examiner's rejections based on *Babashan*, the Applicants added, among many other limitations, the following: (1) two or more ***disposable*** pulse oximeter sensor modules, (2) a coiling mechanism that holds the band on the wrist; and (3) a window area on the skin contacting surface of said banding mechanism, wherein said window area comprises a pliable plastic sheet.  Specifically, as to each amendment:

    **i)**    **The Applicants Told The Examiner That The Invention Included Disposable Pulse Ox Sensors**

Before amending, the Applicants met with the Examiner and stressed the important of the

---

[3] Garmin asks this Court to take judicial notice of the '970 prosecution history. *Vervain, LLC v. Micron Tech., Inc.,* No. 6:21-cv-00487-ADA, 2022 U.S. Dist. LEXIS 54, at *15 n.2 (W.D. Tex. Jan. 3, 2022) ("Courts may take judicial notice of government records, like prosecution history available on the U.S. Patent & Trademark Office's Public PAIR site, even when resolving a Rule 12(b)(6) motion.")

"disposable" nature of the pulse ox sensors in distinguishing the claims from the earlier existing (invalidating) technologies:

> **Substance of Interview**
> (For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)
>
> Applicant and Examiner reviewed the rejections under 112, second paragraph. Further, Applicant described differences between the invention and that of the prior art. Examiner indicated that those features would need to be positively recited in the claims to define over the art. Applicant and Examiner discussed the effect of the term "disposable" in regard to the sensor elements and whether that term could help distinguish the claims over the art. Applicant will take the discussion into account when determining the appropriate response to the rejections of record.

'970 PxHx, Examiner Interview, Lamkin Decl., Exh. E.

Subsequent to that Examiner interview, in their Response to the First Office Action, the Applicants explained that they were amending their claims to overcome the Examiner's rejections:

> **Examiner Interview**
>
> Applicants' representative wishes to thank Examiner Winakur for his time on January 21, 2016. Per that conversation, Applicants submits proposed amendments and arguments to the Office's rejections.

'970 PxHx, Response to First Office Action, at 6, Lamkin Decl., Exh. F.

First, the Applicants amended the claims to add disposable pulse ox sensors:

> 1. (Currently Amended) A device comprising;
>
>    (a)   two or more <u>disposable pulse oximeter sensor modules</u> ~~sensors~~, each comprising;

'970 PxHx, Response to First Office Action, at 2, Lamkin Decl., Exh. F.

> <u>an integral pocket configured to receive said two or more disposable pulse oximeter sensor modules;</u>

8

*Id.*, at 3.

Concurrent with their amendments, the Applicants explained, "Claim 1 is also currently amended to indicate that the pulse oximeter sensor modules are 'disposable.'" *Id.*, at 6. The Applicants further cited the following section of the specification, "The old sensor may simply be removed and a new one put in its place." *Id.* (*citing* 5:45-48).

        ii)       **The Applicants Told The Examiner That The Invention Included A Coiling Mechanism That Holds The Band On The Wrist**

In further attempt to overcome the Examiner rejections based on *Babashan*, in their Response to the First Office Action, the Applicants amended the claims to add a strut running lengthwise in the wrist band that provides bending pressure thereby coiling the band around the wrist:

> (c) a strut enveloped lengthwise within said banding mechanism, whereby providing a bending pressure to the banding mechanism results in the coiling of the strut and ligature of the banding mechanism around the wrist;

'970 PxHx, Response to First Office Action, at 3, Lamkin Decl., Exh. F.

In the '970 Patent specification, the Applicants explain, "FIG. 2A shows the sensor associated with the banding mechanism and the presence of a lengthwise strut to facilitate attachment to the wrist." '970, 6:54-56; *see also* 7:67-8:3.



9

'970, FIG 2A (orange color added along claimed "strut" 104).

That is, the claims require a strut that creates bending and coiling pressure along the length of the wristband that forces the band to wrap around the wrist facilitating attachment to the wrist.

### iii) The Applicants Told The Examiner That The Invention Included A Window Area With A Pliable Plastic Sheet

In further attempt to overcome the Examiner rejections based on *Babashan*, in their Response to the First Office Action, the Applicants amended the claims to add a pliable plastic sheet window on the band:

> (d)   a window area on the skin contacting surface of said banding mechanism, wherein said window area comprises a pliable plastic sheet, and wherein said window area is integrated into said integral pocket and disposed to allow light to enter and exit the inner area of said integral pocket; and

In their Response to the Examiner's rejections, the Applicant also explained, "Claim 1 is further amended to include a lengthwise window on the skin contacting surface of the banding mechanism, wherein the window comprises a pliable plastic sheet[.]" Lamkin Decl., Exh. F, at 7.

### iv) These Amendments, Among Others, Resulted In An Issued Patent

Based on the above amendments, *inter alia*, the Applicants received the issued '970 Patent:

10

> 3. <mark>The following is an examiner's statement of reasons for allowance:</mark> Saper et al., Gorski et al., and Walker et al. teach examples of sensor arrangements including transparent pockets/envelopes for receiving the sensing elements prior to application to a subject. Schlottau et al. teach a headband and sensor arrangement. <mark>Applicant's remarks point to additional elements of the claimed arrangement that are not found or suggested in the prior art.</mark>

'970 PxHx, Notice of Allowance, Lamkin Decl., Exh F.

### 2) Plaintiff Failed To Plead Facts Demonstrating Material Elements Are Plausibly Present In The Accused Device

Terms added to the claims to overcome Examiner rejections are "material" and must be plausibly plead in a complaint alleging patent infringement. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021); *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23496, at *5 (W.D. Tex. Jan. 3, 2022); *Lexington Luminance LLC v. Bulbrite Indus., Inc.*, Civil Action No. 22-3787, 2023 WL 143911, at *5 (D.N.J. Jan. 10, 2023) (*citing Bot M8* and *Vervain*). Wrist has failed to meet this well-established requirement. Because Wrist fails to allege any of these "material" terms appear in any Garmin product, it warrants dismissal for each independent reason outlined below.

First, Wrist failed to allege facts showing that the accused "Garmin Smartwatch" contains "two or more disposable pulse oximeter sensor modules". '970, Claim 1, 8:26. Indeed, no Garmin device in existence contains *disposable* pulse ox sensors; no Garmin device has an "old sensor [that] may simply be removed and a new one put in its place." *See id.* Impliedly admitting Wrist understands the Accused Product does not meet this limitation, Wrist's infringement allegations make no attempt to demonstrate that the pulse ox sensor in some Garmin devices is "disposable". *See* Dkt. No. 1-1, at 16, 27.

11

"It is not enough to point to accused elements; [plaintiff] must offer factual allegations that support a plausible inference that those elements perform the relevant limitations." *Vervain*, No. 6:21-cv-00487-ADA, 2022 WL 23496, at *9.  Because Plaintiff cannot demonstrate that Garmin sells any product with "disposable" pulse ox sensors, Plaintiff's Complaint should be dismissed with prejudice. *Thomason v. World Fin.,* No. 1:23-CV-00109-ADA, 2023 WL 4375499, at *4 (W.D. Tex. July 6, 2023) ("Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith.") (*citing Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)).

Second, Wrist fails to allege facts showing the "Garmin Smartwatch" has a strut that runs the lengthwise of the wristband and creates coiling pressure that wraps the wristband around the wrist, attaching the band to the wrist. *See* Dkt. No. 1-1, at 28-29.  Indeed, Plaintiff's own picture (improperly taken from a Garmin patent, not from an Accused Device) shows the band is attached to the wrist using a clasp, not a strut with a coiling mechanism.  *Id*.  Because Plaintiff cannot demonstrate that Garmin sells any product with a coiling mechanism that wraps a band around a wrist, Plaintiff's Complaint should be dismissed with prejudice.  *Thomason*, 2023 WL 4375499, at *4; *Mayeaux*, 376 F.3d at 425.

Third, Plaintiff fails to allege facts showing that the "Garmin Smartwatch" has "a window area on the skin contacting surface of said banding mechanism, wherein said window area comprises a ***pliable plastic sheet***". '970, Claim 1, 8:64.  The '970 Patent defines pliable: "As used herein, 'pliable' means being able to bend freely and repeatedly without breaking". '970, 3:44-45.  Again, Plaintiff's infringement allegations make no attempt to demonstrate how this material limitation is met.  *See* Dkt. No. 1-1, at 29.  Because Plaintiff cannot demonstrate that Garmin sells any product with the claimed pliable plastic sheet, Plaintiff's Complaint should be dismissed with

12

prejudice. *Thomason*, 2023 WL 4375499, at *4.

### 3) Plaintiff's Allegations Are a Hodge Podge Of Different Devices

Plaintiff accuses "Garmin Smartwatches". Complaint, ¶16. And while Plaintiff uses capital letters, there is no product called a "Garmin Smartwatch"; smartwatches are a category of products, not an actual product. Worse, in the infringement charts accompanying its Complaint, Plaintiff swings wildly between the Fenix 5 (a Garmin watch), the Vivosmart (not a watch) and a Garmin patent application. Dkt. No. 1-1, at 15-32. That is, at no point does Plaintiff point to an Accused Product that satisfies every limitation of the Asserted Claim. Reason again to dismiss Plaintiff's Complaint. *See Tomita Techs. USA, LLC v. Nintendo Co.*, 681 F. App'x 967, 970 (Fed. Cir. 2017) ("To prove infringement, a party must prove the literal presence of each and every claim element or its equivalent in the accused product.") (cleaned up).

## IV. CONCLUSION

Garmin does not reside in Texas and does not have a presence in this District. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3). Alternatively, Plaintiff cannot plausibly plead infringement. Its Complaint must be dismissed, with prejudice, pursuant to Rule 12(b)(6).

Dated: September 5, 2023                    Baker Botts L.L.P.

By:                    /s/ Megan White
                                  Megan White (SBN 24083348)
                                  Emily Deer (SBN 24116352)
                                  2001 Ross Ave Suite 900
                                  Dallas, TX 75201
                                  (214) 953-6500
                                  (214) 953-6503
                                  megan.white@bakerbotts.com
                                  emily.deer@bakerbotts.com

>Rachael D. Lamkin (*Pro Hac Vice* pending)
>101 California Street, Suite 3200
>San Francisco, CA 94111
>(415) 291-6200
>(415) 291-6300
>rachael.lamkin@bakerbotts.com
>*Attorneys for Garmin International, Inc.*

## CERTFICATE OF SERVICE

The undersigned certifies that on September 5, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

>/s/ Megan White
>Megan White